UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|   |   |   |
|---|---|---|
| IN RE SCHNUCK MARKETS, INC. CONSUMER DATA SECURITY BREACH LITIGATION | ) ) ) ) ) | 4:13-md-2470-JAR MDL No. 2470 |

This Document Relates to:

*Castellano et al. v. Schnuck Markets, Inc.*   No. 4:13-cv-01201-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Voluntarily Dismiss (Doc. 46).[1] The Motion is fully briefed and ready for disposition. For the following reasons, Plaintiffs' Motion will be **GRANTED.**

### I. Background

This action is one of several arising as a result of a data breach that occurred at the Schnuck Market Inc.'s ("Schnucks") retail grocery stores between December 2012 and March 2013. On October 18, 2013, the above-captioned case was one of several cases that the United States Judicial Panel on Multidistrict Litigation consolidated before the undersigned. On July 11, 2014, the Court stayed the MDL proceedings in light of counsels' representations that a settlement had been reached in the parallel state court action, *McGann v. Schnuck Markets, Inc.*, Cause No. 1322-CC00800 (Circuit Court of the City of St. Louis, Missouri). On January 23, 2015, the Parties notified the Court that Judge Dowd entered a Final Judgment Granting

---

[1] Plaintiffs also filed their motion in the individual case (Doc. 10).

Approval to Class Action Settlement in *McGann.* Although the stay has not been lifted in the MDL, on March 9, 2015, Schnucks answered Plaintiffs' complaint.

Two Plaintiffs in this case, Michael Castellano and Anita Ohren, are also now named Plaintiffs in an action filed by Plaintiffs' counsel on behalf of the opt-out consumers pending before the Honorable Michael J. Reagan in the Southern District of Illinois. *Allen et al. v. Schnuck Markets, Inc.,* No. 5:15-cv-00061-MJR-DGW (S.D. Ill.). On January 23, 2015, Schnucks filed a Motion to Transfer that case pursuant to 28 U.S.C. § 1404 to this Court. Schnucks also subsequently filed a Motion to Dismiss the case pursuant to Rule 12(b)(6).

Plaintiffs now move to voluntarily dismiss the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) because Castellano and Ohren wish to move forward in the *Allen* case and the remaining Plaintiffs have already settled their claims (Doc. 46). Plaintiffs assert that dismissal of this case would not waste judicial resources or prejudice Schnucks. Further, as no adverse rulings have been entered, Plaintiffs argue that they are not forum shopping but "simply wish to proceed with those other like-minded plaintiffs" (Doc. 46 at 5).

Schnucks only opposes the voluntary dismissal of Castellano's and Ohren's claims and requests that the Court deny Plaintiffs' motion until Judge Reagan rules on the pending motion to transfer the *Allen* case to this Court (Doc. 50 at 2, n.1). Schnucks asserts that Plaintiffs' request is "transparently motivated by a desire to escape their originally chosen forum and pursue their claims in another forum that they view as more favorable" (Doc. 50 at 3). Schnucks also argues that efficiency and judicial economy dictate that these claims should be adjudicated before this Court because of its knowledge and experience with the underlying issues.

## II. Analysis

The Court must first address the timing of Schnucks' answer. On April 14, 2014, this Court granted Schnucks' Motion to Stay Proceedings for a period of 30 days (Doc. 22). The Court subsequently continued the stay "until further order" (Doc. 31). As of today's date, the stay has not been lifted. Accordingly, the Court has the discretion to strike Schnucks' answer. However, in the interest of a full judicial review, the Court will address Plaintiffs' Motion[2].

Federal Rule of Civil Procedure 41(a)(2) provides that after a defendant has served its answer, "an action may be dismissed at the plaintiff's request only by court order." FED. R. CIV. P. 41(a)(2). "'[A] dismissal pursuant to Rule 41(a)(2) is not one of right but is rather a matter for the discretion of the trial court.'" *Scherer v. Eli Lilly & Co.*, No. 4:14-CV-01484-AGF, 2015 WL 1246486, at *2 (E.D. Mo. Mar. 17, 2015) (quoting *Naunheim–Hipps v. Becton Dickinson & Co.*, No. 4:04CV1063 HEA, 2005 WL 1463487, at *1 (E.D. Mo. June 17, 2005)). In ruling on a motion for voluntary dismissal pursuant to Rule 41(a)(2), the Eighth Circuit directs the district court to consider the following factors: "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014) (internal quotations omitted). As Schnucks only objects to the dismissal of Castellano's and Ohren's claims, the Court will just address the dismissal of these claims.

Here, the factors weigh in favor of granting voluntary dismissal. Plaintiffs have adequately explained that they seek dismissal so that Castellano and Ohren may continue to pursue their claims with the other opt-out consumers in the *Allen* case. A discovery schedule has

---

[2] If the Court were to strike Schnucks' answer, it could convert Plaintiffs' Motion into a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) and dismiss the case accordingly.

been entered in the *Allen* case and any discovery obtained during the pendency of this case could also be used in that case. The Court further finds that Schnucks will not be unduly prejudiced. Although this case has been pending for nearly two years, it has been stayed during a significant portion of that time. Additionally, as a result of this stay, the Court has not ruled on any dispositive motions. Furthermore, this is not a case in which Plaintiffs are attempting to defeat federal jurisdiction but instead are seeking dismissal of the case so that they may pursue their claims in another federal court. *Cf. Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011); *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir.2005).

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Voluntarily Dismiss is **GRANTED** and this case is **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file this order in both the MDL master docket and the individual case docket and term the Plaintiffs' Motion to Voluntarily Dismiss filed in both dockets.

A separate Order of Dismissal shall accompany this Memorandum and Order to be filed in the individual action.

Dated this 19th day of June, 2015.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**